IN THE MATTER OF THE PETITION OF MARIA FECSIK, ON BEHALF OF HERSELF AND THE DEPENDENTS OF PAUL FECSIK, DECEASED, PETITIONER-APPELLANT, v. WILLIAM SPENCER & SONS CORPORATION, AND/OR NATIONAL DOCKS COMPANY, DEFENDANTS-RESPONDENTS.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellant, *Paul Koch*.

For the respondents, *Carey & Lane*.

The opinion of the court was delivered by

WELLS, J.  This is an appeal from an order of the Chief Justice denying the application of the petitioner (appellant), made under chapter 199 of the laws of 1915, for an order directing the issuance of an execution to the sheriff of Hudson county, in the sum of $2,461.71, being that portion of an order theretofore made in favor of the petitioner by the workmen's compensation bureau, which was due and payable at the time of said application.  The petitioner obtained an award totaling $5,730.34 as compensation on account of the death of her husband who was employed by respondents.  The right of the petitioner to this award is not disputed.

At the same time as the claim for compensation was filed, a common law action was commenced by petitioner in the United States District Court against the third party tort feasor, the Lehigh Valley Railroad Company, to recover damages under the Death act of New Jersey for the wrongful death of petitioner's husband.  This resulted in a judgment of $5,000, entered by agreement, in favor of the petitioner against the Lehigh Valley Railroad Company, and this judgment has been paid in full.

Pending the determination of the suit against the Lehigh Valley Railroad Company, payments under the compensation award were held up and only $300 of the award (being the

amount allowed for counsel fees) was paid, leaving a balance of $5,430.34 due thereon, payable in quarterly installments, the last payment being due June 18th, 1938.

Respondents claim they are entitled to offset as against this $5,430.34 the sum of $5,000 paid to petitioner by the Lehigh Valley Railroad Company, leaving a balance of $430.34 on the compensation award, which respondents say would not be due for some considerable time but which they offer to pay immediately. Petitioner denies that under the law respondents are entitled to be credited with the $5,000 paid to her by the Lehigh Valley Railroad Company.

The issue to be determined is very narrow. There is no dispute as to the facts. The sole question is as to whether or not under section 3, subdivision 23 (f) of the New Jersey Workmen's Compensation law, an employer against whom a compensation award has been made in favor of an employe, who, while in the performance of the duties of his employment, suffers injury or death through the negligence of a third party, is entitled to be released from the obligation of compensation to the extent of the amount recovered by the employe from the third party.

Inasmuch as counsel for the respondents rely upon the first three paragraphs of subdivision 23 (f) as a basis for their claim and counsel for appellant relies upon the last two paragraphs of the same subdivision as authority for their contention, it might be helpful to cite subdivision 23 (f) in full. It is found in the public laws of 1919, chapter 93, page 212 (which was afterwards amended by public laws 1931, page 705, in respects not pertinent) and is as follows:

"(f) Where a third person or corporation is liable to the employe or his dependents for an injury or death, the existence of a right of compensation from the employer under this statute shall not operate as a bar to the action of the employe or his dependents, nor be regarded as establishing a measure of damage therein. However, in event that the employe or his dependents shall recover from the said third person or corporation, a sum equivalent to or greater than the total compensation payments for which the employer is liable under this

statute, the employer shall be released thereby from the obligation of compensation. If, however, the sum so recovered from the third person or corporation is less than the total of compensation payments, the employer shall be liable only for the difference. The obligation of the employer under this statute to make compensation shall continue until the payment, if any, by such third person or corporation is made. Such employer shall file with the third person or corporation so liable, at any time prior to payment, a statement of the compensation agreement or award between himself and his employe, or the dependents of the employe, and the employer shall thereafter be entitled to receive from such third person or corporation, upon the payment of any amount in release or in judgment by the third person or corporation on account of his or its liability to the injured employe or his dependents, a sum equivalent to the amount of compensation payments which the employer has theretofore paid to the injured employe or his dependents, which payments shall be deducted by the third person or corporation from the sum paid in release or judgment to the injured employe or his dependents."

Counsel for appellant, ignoring the first three paragraphs of subdivision 23 (f) ending with the word "difference," quotes the subdivision from that point on and insists that the statute clearly provides that the employer is entitled to be reimbursed for compensation payments actually made and for these and to that extent only; that the employer is not to be relieved from the obligation to pay the same if payment has not in fact been made.

In support of this contention he cites the cases of *Erie Railroad Co.* v. *Michelson et al.,* 111 *N. J. Eq.* 541, and *N. Y. S. and W. R. Co.* v. *Huebschmann, Ibid.* 547.

These cases have no bearing upon the question involved here. All that they hold is that, under the statute as originally enacted (before the amendment of 1931), while the employer is entitled to receive out of a third party recovery the amount of compensation which he has theretofore paid, the employer's insurance carrier is not entitled to be reimbursed for any amount which it (the insurance carrier) has paid on account of compensation owed by the employer.

The particular portion of subdivision 23 (f) which deals with the situation confronting us is found in the first three paragraphs of the subdivision beginning with the word "where" and ending with the word "difference," cited *supra*.

This portion of the subdivision applies where the compensation has not been paid, and is separate and distinct from the latter part of the subdivision which deals with a situation where compensation payments have been made pending the third party action recovery, and provides for reimbursement in such case by payment direct from the third party.

The language of this statute is so clear and free from ambiguity that it needs no judicial construction.

It states in plain and unequivocal language that if "the sum so recovered from the third person or corporation is less than the total of compensation payments, the employer shall be liable only for the difference." This is the precise situation in the instant case and the respondents are, therefore, liable only for the difference, which, after deducting the payment of $300, amounts to $430.34.

The question as to whether this $430.34 is payable forthwith or not until after the $5,000 credit on the award has been exhausted by the installment payments is not raised, and in view of respondents' offer to pay the balance at once is of no importance in the instant case.

We are of the opinion that the order of the Chief Justice denying the application of petitioner (appellant) for an order directing execution to issue against respondents in the sum of $2,461.71 should be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.